# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:17-CR-26-TBR

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**V.**

**JEVAN SHEPPARD**                                                                 **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon a motion by the Plaintiff, the United States of America, to continue the trial date in this action. (DN 98). The Defendant, Jevan Sheppard, filed a response to the motion. (DN 102). This matter is ripe for review and for the following reasons, Plaintiff's motion is **GRANTED.**

On June 13, 2017, Sheppard was charged in an indictment with (1) conspiracy to distribute/possess with intent to distribute a controlled substance, the use of which resulted in death and serious bodily injury, (2) distribution of a controlled substance, the use of which resulted in death and serious bodily injury, (3) possession with intent to distribute a controlled substance, and (4) importing a controlled substance into the United States, the use of which resulted in death and serious bodily injury. (DN 1). More specifically, Sheppard is charged with the possession/distribution of U-47700—a controlled substance—and causing the death and/or serious injury of T.M. and K.M. *Id.* The trial is currently scheduled for jury trial on November 18, 2019.

According to both parties, Axis Forensic Technology has lost evidence and data underlying the existence of U-47700 allegedly found in blood samples. The United States argues that this evidence is critical to its case and explains that "the United States must prove beyond a reasonable

doubt that T.M. suffered death, and K.M. suffered serious bodily injury, as a result of the U-47700 distributed by the defendant. Without these results, the United States will be hard pressed to meet its burden; in fact, meeting that burden will likely be impossible." (DN 98 at 3). The United States requests that the trial be continued until a later date to allow time for additional testing on the remaining samples "with specific regard to the presence or absence and concentration, of U-47700." The United States argues that a continuance will "permit testing to be performed and the resulting reports issued, and further will permit both parties to review those materials and give opportunity to prepare for trial." (DN 98 at 4). The United States further argues that "[t]he evidence and testimony pertaining to this blood testing is essential evidence in proving the elements of the charged crimes." *Id.* at 3.

Sheppard objects to the government's request for continuation for three reasons. First, Sheppard objects that "Axis did not disclose its alleged loss of the evidence until Defendant demanded to see the underlying data involved in its testing, and even then, not until after Shepperd filed a motion to exclude the testimony/evidence." (DN 93). Sheppard suggests that an earlier disclosure of the loss of this evidence could have allowed time for the trial to proceed on schedule. Sheppard also argues that it is troubling that "Axis presumably would have attempted to offer testimony about the alleged testing, had Defendant not moved to exclude same following disclosure, even though the underlying testing data, which presumably is needed to lay a proper foundation, no longer exists." (DN 102 at 1-2). Second, Sheppard objects that "Axis has provided no explanation how the evidence was lost, when it learned of the loss, or how the U-4 testing data was lost, but none of the other data for the other drugs tested was lost." (DN 102 at 2). Third, Sheppard objects that "Axis claims to have lost test data for U-4 for both T.M. and K.M. even though the testing was completed on two different dates more than a month apart." *Id.*

The Court is persuaded by the Government's arguments and finds that, in the interest of justice, the trial date should be continued.

The United States contends that the time granted in continuing this trial is properly excludable from the time allowed for a speedy trial. The United States explains:

> The United States believes that a continuance is necessary and that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." See 18 U.S.C. § 3161(h)(7)(a). Further, the United States believes: (1) that the failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice (see 18 U.S.C. § 3161(h)(7)(B((i)); (2) that this case is unusual and complex due to the nature of the prosecution and that extra time to permit preparations for trial is reasonable (see 18 U.S.C. § 3161(h)(7)(B)(ii)); and/or (3) that failure to grant a continuance would deny counsel for the government the reasonable time necessary for effective preparation for trial (see 18 U.S.C. § 3161(h)(7)(B)(iv)). The United States also notes that this case has previously been declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). [R. 42].

(DN 98 at 3-4). The Court agrees.

"[T]he Speedy Trial Act comprehensively regulates the time with which a trial must begin," and also provides "numerous categories of delay that are not counted in applying the Act's deadlines." *Zedner v. United States*, 547 U.S. 489, 500, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006). To exclude a delay from the speedy trial calculation, the Court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(B)(iv).

In this case, extra time is necessary to ensure a just resolution of Mr. Sheppard's case. The Court has already declared this case complex. (DN 42). The Sixth Circuit has stated that "[g]ranting a continuance based on the complexity of a case is statutorily appropriate and has been established in case law as adequate." *United States v. Stone*, 461 F. App'x 461, 465 (6th Cir. 2012);

*See also United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012). Therefore, the period of delay in this case shall be excluded from the time allowed for a speedy trial. An improperly rushed trial, requiring an appeal and retrial, would cause a much longer delay—ultimately denying Mr. Sheppard's interest in a speedy trial. Furthermore, the public's interest in a just resolution of this case requires properly prepared counsel. Thus, despite Mr. Sheppard's objection, the Court finds that "the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court **grants** a continuance of the trial of this case until **February 10, 2020** and will exclude the period of delay from the time allowed for a speedy trial.

**ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED,** the Government's motion to continue the trial date (DN 98) is **GRANTED.** The jury trial set for November 18, 2019 is **VACATED.**

**IT IS FURTHER ORDERED,**

(1) This action is scheduled for a jury trial on **February 10, 2020** at 9:00 a.m. Counsel shall meet in chambers at 8:30 a.m. In the event that the trial is still ongoing, the trial will break for holiday on February 17, 2020 and then continue as necessary.

(2) Because this case had been declared complex, and for the reasons discussed in the Court's Memorandum Opinion above, the period of delay is excluded from the time allowed for a speedy trial.

(3) The **TELEPHONIC FURTHER PROCEEDINGS** set for **November 8, 2019** at 2:00 p.m. (CDT) remains as scheduled. The Court shall place the call. The Court will schedule a final pre-trial conference during the call.

(4) The Court advises the parties that **November 18** and **November 19, 2019** are potential dates to hold *Daubert*, **suppression, and/or any other appropriate hearings**. This matter shall be discussed further during the November 8, 2019 telephonic further proceedings.

(5) The Government shall provide 404(b) evidence **three weeks prior to trial**. Any objections by Defendant shall be filed within **seven days.**

(6) **Fourteen days** prior to trial counsel shall file an exhibit list of exhibits they intend to introduce as evidence in chief and allow opposing counsel to inspect the exhibit. Any objection to the listed exhibits shall be filed seven days prior to trial.

(7) At least **seven days** prior to trial, counsel are directed as follows:

   a. PRETRIAL MEMORANDUM. A pretrial memorandum shall be filed by counsel for the United States and may be, but is not required to be, filed by any defendant. The following format shall be followed for the pretrial memorandum:

      i. STATUTE INVOLVED AND ELEMENTS OF THE OFFENSE (with discussion of authorities, if disputed)

      ii. STATEMENT OF FACTS (optional for defendant)

      iii. SUBSTANTIVE ISSUES OF LAW WITH CITATIONS AND AUTHORITIES (defects in the indictment, defense of entrapment, constitutional issues, *Miranda*, illegal search, elements of conspiracy, etc. All issues to be separately stated and discussed.)

iv. EVIDENTIARY ISSUES (any problems in putting on case, e.g., *Bruton* rule, learned treatises, line-up, authenticity of documents, mugshots, previous convictions, qualifications of experts, etc. – with specific reference to Federal Rules of Evidence involved and pertinent authorities as to admissibility or non-admissibility of any expected controversial evidence.)

v. INSTRUCTIONS (file proposed jury instructions on the substantive law of the case.)

vi. PROPOSED VOIR DIRE QUESTIONS (the Court will conduct voir dire.)

(8) At the commencement of trial, U.S. Attorney shall furnish the official court reporter a list of pre-marked exhibits intended to be used at trial.

(9) The U.S. Attorney shall retain possession of physical exhibits (i.e., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

October 31, 2019

CC: Counsel of Record
CC: AUSA