**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CRIMINAL ACTION NO. 5:17-cr-00026-TBR**

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.

JEVAN SHEPPARD                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Jevan Sheppard's ("Sheppard") Motion to Exclude FRE 404(b) Evidence. [DN 91.] The government has responded. [DN 95.] Sheppard has replied. [DN 101.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Sheppard's Motion to Exclude [DN 91] is **GRANTED IN PART AND DENIED IN PART**.

**I. Discussion**

Sheppard first argues, although he is unaware of any prior convictions, any evidence of prior convictions should be excluded under Fed. R. Evid. 401, 403, and 404. The government has stated it is also unaware of any convictions and if a conviction is discovered, it will only be used for impeachment of witnesses. Since there are currently no known convictions, the Court will deny this request as moot. However, if a conviction is later discovered, Sheppard may refile this motion.

Sheppard next argues that any evidence of prior involvement with steroids should be excluded. The government has provided notice to Sheppard that it intends to offer evidence that Sheppard sold steroids and other substances to Jared Hardin. [DN 103.] The government states the evidence will be offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1) states:

> **Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(2) in relevant part states:

> **Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

When determining whether evidence is admissible under Rule 404, the Court must consider: (1) "whether there is sufficient evidence that the other act in question actually occurred"; (2) "whether the evidence of the other act is probative of a material issue other than character"; and (3) " whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Jenkins,* 345 F.3d 928, 937 (6th Cir. 2003).

  Here, the government specifically states the testimony related to steroid sales "will show that the relationship between Sheppard and co-defendant Hardin was established for the purpose of such sales." [DN 95 at PageID 282.] This is not probative of a material issue in this case. Proof that Sheppard and Hardin knew each other due to previous sales of steroids does not make any fact of consequence more or less likely.

  Even if the evidence was probative of a material issue, the probative value is substantially outweighed by the potential prejudicial effect. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the

latter bad act now charged....'" *United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997)).

In this case, allowing the government to introduce evidence that Sheppard allegedly sold steroids to Hardin would likely lead the jury to generalize Sheppard's character and convict him on an improper basis. The government has not provided any argument on how evidence of prior steroid sales proves motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident to possess, distribute, or import U-4. Without more evidence on how this evidence is probative of any material issue and how that probative value is not substantially outweighed by undue prejudice, the government may not use the evidence.

## II. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that:

1.) Sheppard's motion to exclude any convictions is **DENIED AS MOOT.**

2.) Sheppard's motion to exclude evidence of previous sales of steroids is **GRANTED.**

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

June 24, 2020

cc: counsel