**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CRIMINAL ACTION NO. 5:17-cr-00026-TBR**

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

JEVAN SHEPPARD                                              DEFENDANT

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter comes before the Court upon Defendant Jevan Sheppard's ("Sheppard") Motion to Exclude Introduction of Police Body Cam Videos. [DN 89.] The government has responded. [DN 96.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Sheppard's Motion to Exclude [DN 89] is **DENIED.**

## I.  Background

On June 13, 2017, Sheppard was charged in an indictment with (1) conspiracy to distribute/possess with intent to distribute a controlled substance, the use of which resulted in death and serious bodily injury, (2) distribution of a controlled substance, the use of which resulted in death and serious bodily injury, (3) possession with intent to distribute a controlled substance, and (4) importing a controlled substance into the United States, the use of which resulted in death and serious bodily injury. [DN 1.] More specifically, Sheppard is charged with the possession/distribution of U-47700—a controlled substance—and causing the death and/or serious injury of T.M. and K.M. [*Id.*] Sheppard now seeks to exclude body camera videos that show the police response to the two individuals that overdosed.

## II.  Discussion

Sheppard first argues the body cam videos are not relevant. Fed. R. Evid. 401 states:

Evidence is relevant if:

     (a) It has any tendency to make a fact more or less probable than it would be without the

          evidence; and

    (b) the fact is of consequence in determining the action.

The government states the video show U-4 sitting in close proximity to the victims and shows one victim deceased and the other unconscious. The video also depicts medical personnel rendering aid to the victims. Counts One, Two, and Five against Sheppard all require proof of death or serious bodily injury resulting from U-4. A video that depicts one victim unconscious and the other dead near U-4 is certainly relevant to these charges. Therefore, this evidence is not excluded under Fed. R. Evid. 401.

    Sheppard argues in the alternative that the evidence should be excluded pursuant to Fed. R. Evid. 403. Fed. R. Evid. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Sheppard states the probative value of the video footage is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury." [DN 89 at PageID 201.] The Court agrees with the government that Sheppard has not shown how the video evidence would confuse the issues or mislead the jury. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (internal quotations omitted). The admission of the video will prejudice Sheppard. *See  Marshall v. Rawlings Co., LLC*, No. 3:14-CV-359-TBR, 2018 WL 1096436, at *7 (W.D. Ky. Feb. 28, 2018) ("[I]t is axiomatic that "all probative evidence is to some extent prejudicial," and so the mere fact that evidence one side seeks to have admitted is harmful to the opposing party

cannot, in and of itself, warrant this Court's exclusion of that evidence.") However, Sheppard does not argue how this prejudice is unfair or how it substantially outweighs the probative value of the video footage. The government has stated legitimate and appropriate use of the video. As such, Sheppard has not met his burden to exclude this evidence.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Sheppard's Motion to Exclude [DN 89] is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 26, 2020

cc: counsel