UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CRIMINAL ACTION NO.: 5:17-CR-00026-TBR

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.

JEVAN SHEPPARD                                                                                            DEFENDANT

**MEMORANDUM OPINION & ORDER**

**I.   Background**

Defendant Jevan Sheppard is before the Court on multiple drug-related charges. (DN 1, 3). Sheppard moved the Court to exclude certain expert testimony, and an in-person hearing on his motions in limine was scheduled for 11/9/2020. (DN 93, 137, 142). The Court conferred with the parties regarding the hearing via telephonic proceedings on 11/02/2020 and 11/04/2020. (DN 151, 154). Although the hearing was originally scheduled to take place in person with the expert witnesses physically present in the courtroom, the ongoing COVID-19 pandemic raised concern regarding the safety and necessity of the experts' physical appearances, particularly because of the travel such appearances would require and the quarantine measures that would need to be observed as a result of that travel. After discussing the issue with the parties during the telephonic proceedings, the Court informed the parties that all expert witnesses could appear through Zoom, a video conferencing platform, while each party's counsel and the defendant would attend in person. During the call on 11/04/2020, defense counsel objected to the use of Zoom for the hearing, arguing that using Zoom for the expert witnesses violated his client's constitutional rights, and specifically, his Sixth Amendment right to confront witnesses against

him. The Court requested that defense counsel provide further legal authority for his objection. Counsel has done so. (DN 153). The Court addresses the merits below.

## II.     Legal Standards

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The central concern of the Confrontation Clause is to ensure the reliability of evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845 (1990). The Confrontation right includes several protections: the right to require a witness to give his testimony under oath, the right to cross-examine the witness, the right of the defendant to be in the physical presence of the witness during testimony, and the right to have the jury observe the witness. *Id*. at 845-46. As to the right of a defendant to physically confront witnesses against him, "[t]he Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U.S. 1012, 1016 (1988). However, "[t]he right to confrontation is basically a trial right." *Barber v. Page*, 390 U.S. 719, 725 (1968). "The confrontation right attaches when an individual testifies against a defendant in an adversary proceeding *before a trier of fact* . . . not merely when an individual's testimony is potentially adverse to a defendant." *Hovey v. Ayers*, 458 F.3d 892, 903 (9th Cir. 2006) (citing *Craig*, 497 U.S. at 845) (emphasis added). "The Sixth Amendment right to confront witnesses applies, if at all, to a much lesser extent at a pretrial suppression hearing than at a trial." *United States v. Lawson*, No. 5:20-CR-060-GFVT-MAS-1, 2020 WL 6110969, at *2 (E.D. Ky. Oct. 16, 2020); *see also United States v. Karmue*, 841 F.3d 24, 26-27 (1st Cir. 2016) (explaining that in the First Circuit, the

Confrontation Clause has never been recognized as attaching in a Daubert hearing or any type of proceeding other than trial).

Federal Rule of Criminal Procedure 43 provides a defendant with the right to be present during certain stages of criminal case, including the initial appearance, arraignment, and plea, every trial stage, and sentencing. Fed. R. Crim. P. 43(a). However, "[t]he Sixth Circuit has confirmed that Rule 43's presence right does not . . . extend to pretrial suppression hearings (even evidentiary ones)." *Lawson*, 2020 WL 6110969, at *2 (first citing *United States v. Burke*, 345 F.3d 416, 421-22 (6th Cir. 2003); and then citing *United States v. Rosenschein*, No. CR 16-4571 JCH, 2020 WL 4227852, at *2; *3 (D.N.M. July 23, 2020)).

### III.  Discussion

The threshold question before the Court is whether the Sixth Amendment confrontation right even attaches at a Daubert hearing, given that it is a pretrial hearing. As recognized by the courts in *Craig*, *Coy*, *Barber*, *Hovey*, *Lawson*, and *Karmue*, cited above, the confrontation right is a right primarily, if not exclusively, applicable at trial. Given that the confrontation at issue now will occur in the context of a pretrial Daubert hearing, this Court is not convinced that the confrontation right attaches.

Even if the Confrontation Clause does apply to the hearing, only one of the provision's protections is at issue. As stated, the Confrontation Clause provides criminal defendants the right to place witnesses under oath, the right to cross-examine witnesses, the right to be in a witness's physical presence during their adverse testimony, and the right to have the jury observe the witness. *Craig*, 497 U.S. at 845-846. Because here, the witnesses will be under oath and subject to cross-examination, and because jury observation is not relevant, only the physical presence protection is potentially compromised. However, as the *Coy* court described, the right of face-to-

3

face confrontation is a right applicable "before a trier of fact." 487 U.S. at 1016. The defense has not convinced this Court that the Sixth Amendment confrontation right should apply with equal force in a Daubert hearing as it does in a trial setting. Moreover, the goal of the Confrontation Clause, which is "to ensure the reliability of evidence against a criminal defendant by subjecting it to rigorous testing" is still achieved through a Daubert hearing where the experts testify by video conference. *Craig*, 497 U.S. at 845. In sum, the virtual—rather than physical—presence of the expert witnesses at a Daubert hearing will not violate the defendant's Sixth Amendment right to confront witnesses against him.

Defense counsel largely focuses on Rule 43 in its memorandum. (DN 153). As stated, Federal Rule of Criminal Procedure 43 provides a defendant with the right to be present during certain stages of criminal case, including the initial appearance, arraignment, and plea, every trial stage, and sentencing. Fed. R. Crim. P. 43(a). Because the defendant will be present at the hearing, it is not evident that Rule 43 is at issue. However, even if the defendant was not going to be present, the Sixth Circuit has established that Rule 43 does not apply to pretrial evidentiary hearings. *Lawson*, 2020 WL 6110969, at *2 (citations omitted). Thus, the defendant's rights under Rule 43 will not be violated by permitting the experts to testify over Zoom because the defendant will be present for the hearing. Even if the defendant were not present, the Court is not convinced that Rule 43 applies to a Daubert hearing.

### IV. Conclusion

For the reasons stated above, it is **ORDERED** that the motion hearing set for 11/9/2020 will be conducted, in part, through video conference.

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 5, 2020

cc: counsel