UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:17-CR-00026-TBR-1

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    ORDER

JEVAN SHEPPARD   (1)                                                          DEFENDANT

Defendant Jevan Sheppard has filed a Motion to Modify Conditions of Release. (DN 146). The United States has responded. (DN 150). Sheppard was originally released into the custody of his father, Michael Sheppard, on home detention at his father's residence. (DN 19). Defendant Sheppard has filed two previous motions to modify his bond conditions. (DN 33, 77). These motions were denied, except for slight modifications, by Magistrate Judge King after hearings on the merits. (DN 38, 80). The Court reached out to the Probation Office for their input as to whether conditions of release should be modified based on Probation's supervision for almost four years. The Probation Office provided the following response:

> If allowed to reside with his girlfriend, we would recommend removing the third party custodian as his father would not be around him a great deal of time to monitor his conduct. I have been to the residence at Bay Hill Drive and it is appropriate for supervision. Condition #6 of his Additional Conditions of Release would just need to be vacated.
>
> We could recommend his curfew request be allowed; however, we would recommend the GPS be removed. He has been on GPS monitoring for four years with no issues or known violations . . . he has submitted work locations promptly and his points checked out each time.
>
> . . . Given his history of supervision, our office doesn't believe Mr. Sheppard is a flight risk, but his whereabouts still needs to be accounted for through the case. Voice recognition would allow us to effectively monitor he is at home in Western KY by 9:00 PM each night. His co-defendant has been on the same form of technology since the beginning of his supervision. He would still be subject to home contacts and random drug testing as well as collateral outreach to his family members conducted by myself.

**IT IS ORDERED**:

1. The defendant will be allowed to reside with his girlfriend.

2. Condition #6 of his Additional Conditions of Release is vacated.

3. Conditions 7(p) and 7(q) are amended as follows[1]:

    (7) The defendant must: . . .

    (p) participate in one of the following location restriction programs and comply with its requirements as directed.

    (**X**) (i) Curfew. You are restricted to your residence every day from 9:00PM to 5:30AM or as directed by the supervising officer; or

    ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearance; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

    ( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

    (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

    (**X**) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

    (**X**) You must comply with the technology requirements and the form of Location Monitoring as indicated below.

    (**X**) Location Monitoring Equipment to be used:
      ( ) Location monitoring technology at the discretion of the officer
      ( ) Radio Frequency (RF) Monitoring
      ( ) Active GPS Monitoring
      (**X**) Voice Recognition

4. Unless previously amended, all other conditions of release remain the same. (Docket #146 **granted**)

November 18, 2020

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

---

[1] The modifications to 7(p) reflected here indicate that defendant is now subject to subsection 7(p)(i) instead of subsection 7(p)(ii). The modifications to 7(q) reflected here indicate that the defendant is now subject to Voice Recognition instead of Active GPS Monitoring, that he must comply with Voice Recognition technology requirements, and that he remains responsible for the cost of the program, if applicable.