UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:17-CR-26-TBR-1

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

**V.**

**JEVAN SHEPPARD**                                                                              **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

Before the Court is defendant Jevan Sheppard's Motion for Return of a Portion of Seized Funds, DN 145. For the reasons stated below, the motion is **DENIED**.

**I.   Background**

Sheppard moves the Court for an order directing the Government to return a portion of the funds seized from Sheppard's bank accounts. [DN 145 at 1]. Sheppard says that he needs additional funds to pay for the defense's expert witness, forensic toxicologist Dr. Chris Long. *Id*. at 1-2. Sheppard specifically requests return of $13,909.99, a portion of his assets that he argues are unrelated to the criminal activity with which he is charged. *Id*. at 2.

The United States responded to Sheppard's motion in opposition of the request. [DN 148]. The United States interprets Sheppard's motion as being made under Federal Rule of Criminal Procedure 41(g). *Id*. at 4. As such, the United States argues that the motion is premature, as "return of seized property is an equitable remedy not available to a defendant after the indictment is returned; defendant must wait until the conclusion of the criminal proceedings for a determination of whether the property is subject to forfeiture." *Id*. (citing *United States v. Hills*, No. 1:16CR329, 2018 WL 1621088 (N.D. Ohio Apr. 4, 2018)). Sheppard replied, arguing that "refusing to return the requested amount of $13,309.99 so that he can pay necessary expert

1

witnesses infringes upon his 6th Amendment right to counsel and violates his Due Process rights." [DN 149 at 3].

The government explained in its response to Sheppard's motion that Sheppard's property was seized by the Marshall County Sherriff's Office by way of a search/seizure warrant, where the funds are now being held for evidentiary purposes. [DN 148 at 3-4]. The Court requested further briefing on its authority to order release of funds given that they are in the custody of a state law enforcement agency as opposed to the United States or an associated federal agency.

## II. Arguments

The defense argues that the Court does have the authority to order the Marshall County Sherriff's Office to release the funds. [DN 168 at 3]. Sheppard argues that the Marshall County Sherriff's Department officials are holding the seized funds as agents of the federal government, and thus, the Court has the authority to order them to release the funds. *Id.* at 4. Sheppard relies on numerous out-of-circuit cases to support his position. *Id.* at 3-4.

First, Sheppard cites *United States v. Wilson*, 540 F.2d 1100 (D.C. Cir. 1976) for its holding that the district court had "both the jurisdiction and duty" to return defendant's seized property which was not "alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence." *Id.* at 1101. The government argued that the money the defendant sought to have returned was not in its possession but was in the District of Columbia's bank account. *Id.* at 1104. However, the court held that this argument was merely "an argument of administrative inconvenience" and could "be accorded no weight." *Id.* The court further stated, "[w]hoever holds the money holds it subject to the order of the federal court and is subject to its judgment and the execution thereof." *Id.* Sheppard acknowledges that in *Wilson*, the facts presented "allowed the court to conclude that the District of Columbia was acting as an

agent for federal authorities." [DN 168 at 3]. Sheppard recognizes this fact, apparently to acknowledge that whether a federal court can order a state entity to release funds held as evidence turns in part on whether federal and state authorities cooperated in seizing the funds.

Sheppard also cites *United States v. Wright*, 610 F.2d 930 (D.C. Cir. 1979). In *Wright*, two defendants sought return of funds that were seized when city police officers executed a drug raid pursuant to a federal warrant. 610 F.2d at 932-34. The district court denied the motions for return of the funds. *Id.* at 934. However, the appellate court reversed the lower court. In so doing, the D.C. Circuit stated that the law was settled "that a federal district court has post-conviction jurisdiction on motion to order the return of property lawfully seized pursuant to a federal warrant." *Id.* at 935. Like it did in *Wilson*, the government argued that because the money was held by the District of Columbia, and not the United States, the district court lacked jurisdiction to order return of the money. *Id.* at 938. However, the court stated, "whoever holds the money does so as agent for, and subject to the ultimate direction of the United States District Court for the District of Columbia, under the authority of whose process the money was seized." *Id.* (citing *Wilson*, 540 F.2d at 1104).

Sheppard also relies on *United States v. Palmer*, 565 F.2d 1063 (9th Cir. 1977). In *Palmer*, the defendant was convicted of bank robbery and, after conviction, sought return of his property held in evidence. *Id.* at 1064. The government argued that the property should be returned to the government because the government had offered the property into evidence as exhibits. *Id.* The district court agreed to return the evidence, which included money, to the government, agreeing that it should avoid intervention in "a dispute over ownership or right to possession." *Id.* However, on appeal, the Ninth Circuit underscored that the government did not claim to own the property "by virtue of forfeiture or otherwise." *Id.* The court also highlighted

3

that the bank that the defendant robbed had made no claim to the money. *Id.* The court concluded, "in the absence of any cognizable claim of ownership or right to possession adverse to that of appellant, the district court should have granted appellant's motion and returned to him the money taken from him by government seizure." *Id.* at 1065. Sheppard cites *Palmer* for the proposition that "a district court has jurisdiction over a defendant's post-conviction motion for return of his property." [DN 168 at 3].

Sheppard also cites *United States v. Huffhines*, 986 F.2d 306, (9th Cir. 1993), and *Akintomide v. United States*, No. MISC 99–0055, 2000 WL 1693739 (D.D.C. Oct. 31, 2000), which both adopt the rule that a federal court need not and should not order the return of a property to a defendant when the property is in the custody of a state entity unless the state entity was acting on behalf of federal authorities at the time the property was seized. As the court stated in *Akintomide*, "'actual cooperation between the federal and state law enforcement agencies in either obtaining the warrant or conducting the search itself' must exist for state officials to be deemed to be agents of the federal government." 2000 WL 1693739 at *2 (quoting *Huffhines*, 986 F.2d at 308).

Sheppard argues that in this case, because state law enforcement officers were the ones who originally seized the funds, but then referred the case to the United States for prosecution, the Marshall County Sherriff's Department was acting as an agent of the federal government and thus holds the funds as an agent of the federal government. [DN 168 at 4]. Moreover, Sheppard contends that the state actors are not holding the funds for any evidentiary purpose, and "by the time [Sheppard] was indicted . . . there was a working agreement between the United States and the state actors which makes the state actors agents of the United States for the purposes of this prosecution." *Id.* Accordingly, Sheppard argues, the Court should order the funds returned.

4

The government argues that this Court cannot order the funds returned because the funds were seized pursuant to a state warrant, as opposed to a federal warrant, the funds have never been in the United States's possession or any of its agencies' possession, title to the funds has vested in the Commonwealth of Kentucky, and the appropriate venue for Sheppard to seek return of the funds is in the state courts of Marshall County, Kentucky. [DN 169 at 1].

The government relies primarily on *United States v. Oguaju,* 107 F. App'x 541 (6th Cir. 2004) and *United States v. Obi*, 100 F. App'x 498 (6th Cir. 2004) to support its argument that because the United States has never possessed the funds, it cannot return them. [DN 169 at 2]. In *Oguaju*, the Sixth Circuit upheld a district court's denial of the defendant's motion for return of property where the property "was both seized and forfeited by the State of Michigan" and "Oguaju failed to present any evidence that [the property] was ever in the possession of a federal government agent or agency." 107 F. App'x at 542-43. Similarly, in *Obi*, the Sixth Circuit affirmed a district court's denial of the defendant's motion for return of property, in part because there was no evidence that the property was ever in the federal government's possession, state officers seized the property, and the property was seized pursuant to a state search warrant and not a federal search warrant. 100 F. App'x at 499. Because the government's argument on this point, considered against the defense's arguments, counsels denial of the defendant's motion, the Court need not consider the government's additional arguments.

**III.   Discussion**

It appears to be undisputed that the neither the United States itself, nor any federal agency, has had direct custody or control of the funds that Sheppard seeks to have returned to him. Unlike the facts of *Wilson*, *Wright*, and *Palmer*, the funds here are not being held subject to a federal warrant or federal court order. As *Oguaju* and *Obi* illustrate, a court cannot order the

5

government to return funds that it does not have nor ever had. Even accepting that the funds could be ordered returned under *Huffhines* and *Akintomide* if the Marshall County Sherriff's Department was acting on behalf of or in coordination with federal authorities when the funds were seized, Sheppard has not shown that such an arrangement existed here. Sheppard broadly states that "there was a working agreement between the United States and the state actors which makes the state actors agents of the United States for the purposes of this prosecution." [DN 169 at 4]. However, Sheppard offers no support for this argument.

Here, the funds were not seized pursuant to a federal warrant. The United States nor any other federal entity has had custody of the funds. Sheppard has offered no support for his assertion that the Marshall County Sherriff's Department was working as an agent of the federal government at the time the funds were seized, even if the department ultimately referred the case to the federal government for prosecution. On these facts, the Court cannot find that it is appropriate to order the government to return the seized funds which are currently held by the Marshall County Sherriff's Department. Accordingly, Sheppard's motion must be denied.

### IV. Conclusion

Sheppard's Motion for Return of a Portion of Seized Funds, DN 145, is **DENIED**. **IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

May 3, 2021

cc: counsel